Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&

# The <u>Serious Consequences</u> of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In <u>Howard</u>, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* <u>Wright v. Collins</u>, *supra*; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**
